UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIAMOND HEADS, LLC,

    Plaintiff,

v.                          CASE NO: 8:07-cv-462-T-33TBM

SUSAN EVERINGHAM a/k/a
SUSAN POSNER,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Order Compelling Defendant to Show Cause Why Defendant Should Not Be Held in Contempt for Violating Permanent Injunction (Doc. # 120). Defendant filed a Response thereto (Doc. # 124).

On January 14, 2011, pursuant to an order of referral, the Honorable Thomas B. McCoun III, United States Magistrate Judge, held a hearing on the motion and on January 28, 2011, issued a Report and Recommendation (Doc. # 137), recommending that the Court affirm the findings of fact contained therein and make a finding of contempt. Judge McCoun further recommended that, as appropriate sanctions, Defendant be ordered to serve a period of twenty (20) days' incarceration, but that incarceration be suspended on the condition that

Defendant, within fourteen (14) days from the date of this
Order, delete from her website and all her other advertising
and promotional material any photograph and/or depiction of
diamond cut engine parts and any reference, verbal and visual,
suggesting in any way that she provides diamond cutting
services on engine parts as prohibited by the injunction; and
within thirty (30) days from the date of the Order, that she
notify in writing every dealer with whom she has done diamond
cutting services of the sort found to have violated Diamond
Heads' patents in the past, that she is barred by court order
from performing such services and that no such referrals for
such offending work should be made to her nor will such
referrals be accepted by her in the future; and further
conditioned on her submission to the bankruptcy trustee within
fourteen (14) days from the date of the Order any offending
diamond cut engine parts and tools for performing the same
still in her possession, custody, and control.  Judge McCoun
goes on to note that the permanent injunction previously
entered by this Court calls for liquidated damages and the
award of fees and costs incurred in proving the contempt and
such should be awarded, although he expresses that such awards
would appear rather vain and futile acts given Defendant's
pending bankruptcy.

On February 11, 2011, Plaintiff filed its Objection to the January 28, 2011 Report and Recommendation Regarding Defendant's Contempt (Doc. # 138). No further objections or responses to objections were filed by either party. Plaintiff's objection requests that the Court's Order also specify how Defendant should report compliance with the requirements of the Order and that it specifically include an award to Plaintiff of liquidated damages and attorneys' fees as previously provided for in the Permanent Injunction (Doc. # 118).[1]

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). In the absence of specific objections,

---

[1]The parties stipulated and agreed to a Permanent Injunction, which included the following provision:
> Upon any finding that Defendant has violated this Consent Judgment, Defendant shall be found in contempt of Court and the Court shall award all reasonable attorneys' fees and costs incurred by Plaintiff in establishing that finding along with a penalty, payable to Plaintiff, in an amount set by the Court which corresponds to any damage incurred by Plaintiff resulting from that contempt, but not less than $10,000.00.

(Doc. # 118, p. 4).

3

there is no requirement that a district judge review factual findings de novo, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. <u>See Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

Upon consideration of the Report and Recommendation of the Magistrate Judge and all objections thereto timely filed by the parties and upon this Court's independent examination of the file, it is determined that the Magistrate Judge's Report and Recommendation should be adopted with the additional modifications sought by Plaintiff in its objections.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Judge McCoun's Report and Recommendation (Doc. # 137) is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review. Plaintiff's objections are well-taken and incorporated herein

4

   as modifications.

(2) Plaintiff's Motion for Order Compelling Defendant to Show Cause Why Defendant Should Not Be Held in Contempt for Violating Permanent Injunction (Doc. # 120) is **GRANTED**.

(3) This Court hereby makes a finding of contempt on the part of Defendant.  As sanctions for Defendant's contempt, she is ordered to serve a period of twenty (20) days' incarceration, but that incarceration is suspended on the conditions that Defendant: (a) within fourteen (14) days from the date of this Order, delete from her website and all her other advertising and promotional material any photograph and/or depiction of diamond cut engine parts and any reference, verbal and visual, suggesting in any way that she provides diamond cutting services on engine parts as prohibited by the injunction; (b) within thirty (30) days from the date of this Order, notify in writing every dealer with whom Defendant has done diamond cutting services of the sort found to have violated Diamond Heads' patents in the past that she is barred by court order from performing such services and that

      no such referrals for such offending work should be made to her nor will such referrals be accepted by her in the future; and (c) within fourteen (14) days from the date of this Order, submit to the bankruptcy trustee any offending diamond cut engine parts and tools for performing the same still in her possession, custody, and control.  As to subsection (b) above, counsel shall confer, within seven (7) days from the date of this Order, as to the appropriate wording of such notice.

(4) Defendant is further required to file with the Court a notice of compliance and completion of the above conditions no later than **April 15, 2011**, including evidence of delivery of the required notice to every dealer in the form of copies of the notices delivered and documentation from the U.S. Postal Service, a recognized commercial courier (such as UPS or Federal Express), or, in the event of hand delivery, from a licensed process server. Further, said documentation must contain the name and address of the dealer, the date of delivery, and a signature of a representative of the dealer accepting the delivery (or in the case of a process

6

        server, an affidavit of service from the process server).

(5) Plaintiff, as provided for in the Permanent Injunction (Doc. # 118), is awarded ten thousand dollars ($10,000.00) in liquidated damages and attorneys' fees and costs incurred in pursuing its motion for an order to show cause.  Plaintiff shall file its motion for attorneys' fees and costs within fourteen (14) days of the date of this Order.  Plaintiff should support its request with appropriate affidavits and documentation.  Defendant may file a response to the motion within fourteen (14) days after the date of its service.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of March, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

7