UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DIAMOND HEADS, LLC,**

    **Plaintiff,**

v.                                       **Case No.  8:07-cv-462-T-33TBM**

**SUSAN EVERINGHAM a/k/a
SUSAN POSNER,**

    **Defendant.**
_____/

**ORDER**

THIS MATTER is before the court on **Plaintiff's Petition for Attorneys' Fees and Costs** (Doc. 140).  Defendant, Susan Everingham a/k/a Susan Posner, has failed to file a response.

By its petition, Plaintiff seeks an order awarding it fees and costs in the amount of $26,237.00.  The petition is submitted in accordance with the Court's Order of Contempt dated March 3, 2011 (Doc. 139), Fed. R. Civ. P. 54, and Middle District of Florida Local Rule 4.18.  Plaintiff's entitlement to fees and costs has already been determined.  (Doc. 139 at 7).  Thus, the issue before the court on the petition is the amount to be awarded.  In support of its petition, Plaintiff submits the affidavit of its counsel, H. Dickson Burton, as well as a summary listing of the amount of hours spent, the provider of the service, the description of the service, and the amounts billed.  *See* (Docs. 140-1, 140-2, 140-3).

The starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors.[1]  *See Norman*, 836 F.2d at 1299.

According to the billing information provided, Plaintiff seeks fees for work performed for the period from September 2009 through February 2011 and totaling

---

[1] In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

$25,037.00. (Doc. 140-2). Thus, lead counsel, H. Dickson Burton, Esquire, seeks $16,975.00 based on 48.5 hours of work at a rate of $350.00 per hour. Krista Weber Powell, Esquire, seeks $2,451.50 based on 8.9 hours of work at a rate of $275.00 per hour for work done through December 2010 and an hourly rate of $285.00 for work done thereafter. Lloyd Mondragon, purportedly a paralegal, seeks $5,610.50 for 35.5 hours of work at the hourly rate of $155.00 for work done through December 2010 and an hourly rate of $160.00 for work done thereafter. Additionally, Plaintiff submits documents related to costs for two investigators by which it seeks $1,200.00. *See* (Doc. 140-3).[2]

As for the hourly rates, Mr. Burton attests as to the reasonableness and necessity of the hours expended and the rates charged. The court is familiar with attorney Burton through his work in this case. He presented as competent and experienced counsel and his hourly rate is in line with work performed by similarly experienced counsel in this market. As for the work by Krista Weber Powell, Esquire, given that there is no additional information provided concerning her experience and based on the nature of the duties performed in this case which involved drafting and revising the motion for review by Mr. Burton, and given my experience in handling fee matters for such office-based work in this marketplace, I find an hourly rate of $250.00 per hour is reasonable. As for the hourly rate sought for work by Mr. Mondragon, the request is excessive. Hourly rates for paralegal work in this market range from $75.00 to

---

[2]According to the Burton affidavit, the witness fees were for the two private investigators, Alex Greiner and Dale Weeks. Both testified at the contempt hearing on behalf of Plaintiff.

$150.00 per hour. Based on the nature of the work performed, I find the reasonable hourly rate to be $100.00.

As for the hours expended, while there appears some duplication of effort and arguably excessive billing for certain matters, on the whole, I find the hours reasonable.[3]

Accordingly, Plaintiff is awarded fees in the amount of $22,750.00.[4]

Plaintiff also seeks reimbursement of expenses totaling $1,200.00, which according to the motion, are reflected by "checks paid to two private investigators, Mr. Alex Greiner and Mr. Dale Weeks in the amount of $1200.00." The documentation actually provided shows two "memos" for "witness fee" in the amount of $350.00 and $250.00 and a copy of a check dated 12/17/2009 in the amount of $600.00 to the Coto Detective Agency of Tampa, Florida. *See* (Doc. 140-3 at 2-4). Neither the invoices, nor the Plaintiff's motion or supporting affidavit, provide any detail as to what these costs represent. Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). In taxing

---

[3]For example, there are no less than fifteen entries reflecting work for revision of the motion for order to show cause, and counsel claims to have spent 2.5 hours preparing and attending (by telephone) for a status conference related to scheduling the hearing on the motion that lasted only 21 minutes.

[4]$16,975.00 (48.5 hours @ $350.00 for Mr. Burton) + $2,225.00 (8.9 hours @ $250.00 for Ms. Powell) + $3,550.00 (35.5 hours @ $100.00 for Mr. Mondragon) = $22,750.00.

4

costs under Rule 54, courts may tax only those costs explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).

While there is a split of authority on the matter, I find the better reading of the statute to preclude investigator fees as taxable costs under § 1920. *See U.S. v. Adkinson*, 256 F. Supp. 2d 1297, 1323 (N.D. Fla. 2003) (citing *Tinch v. Dayton*, 199 F. Supp. 2d 758, 759 (S.D. Ohio 2002) ("private investigation services are not taxable as costs")).

By my consideration, given the court's award of "costs" and the fact that investigative fees are not specified by § 1920 nor generally found to be taxable costs authorized by § 1920, *see Adkinson*, 256 F. Supp. 2d at 1323, the request for $600.00 for the payment to Coto Detective Agency is denied. As for the $600.00 sought for witness fees, Plaintiff may recover the statutorily permitted witness attendance fee of $40.00 for Alex Greiner and Dale Weeks both of whom testified at the contempt hearing.[5]  Thus, Plaintiff is appropriately awarded $80.00 in taxable costs.

---

[5]*See* 28 U.S.C. § 1821(b).

In sum, the Plaintiff's Petition for Attorneys' Fees and Costs (Doc. 140) is **granted** as set forth herein. Plaintiff is awarded the total sum for fees and costs of $22,830.00.

**Done and Ordered** in Tampa, Florida, this 29th day of July 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record